UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY JONES #146246,

       Plaintiff,                       Hon. Robert J. Jonker

v.                                       Case No. 1:18-cv-298

MARK HORSLEY, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Summary Judgment, (ECF No. 66), Defendants' Corrected Motion for Summary Judgment, (ECF No. 80), and Plaintiff's Counter Motion for Summary Judgment, (ECF No. 82). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions be denied and Defendants' motion be denied.

## BACKGROUND

Plaintiff initiated this action on March 19, 2018, against thirteen individuals associated with or employed by the Michigan Department of Corrections. (ECF No. 1). Most of Plaintiff's claims were subsequently dismissed on screening by the Honorable Robert J. Jonker. (ECF No. 9). With respect to his three remaining claims, Plaintiff alleges the following.

On November 13, 2016, Corrections Officer Mark Horsley conducted a shakedown of Plaintiff and his cell. During this shakedown, Horsley struck Plaintiff in the chest "causing chest pains" and damaging Plaintiff's heart. Plaintiff filed a grievance accusing Horsley of employing excessive force. Plaintiff's grievance was denied based upon a review of video evidence of the encounter. Following his encounter with Horsley, Plaintiff requested medical treatment and informed a nurse, Lori Dumas, that Horsley struck him in the chest. Plaintiff also reported the incident to Corrections Officers Messer and Bruch. Sergeant Daniel Porter, after reviewing the video recording of the incident with Horsley, charged Plaintiff with a misconduct violation for lying to an employee. This charge, however, was never pursued.

On November 18, 2016, Horsley threatened to charge Plaintiff with a misconduct for filing a false grievance regarding the November 13, 2016 shakedown. Horsley did not charge Plaintiff with a misconduct, but instead wrote a note to one of his superiors stating that Plaintiff falsely claimed that he had been struck by Horsley and should, therefore, be charged with a misconduct. Plaintiff was later charged with Interference with the Administration of Rules for falsely alleging that Horsley struck him during the November 13, 2016, shakedown. The charge was later dismissed because the video of the incident was not made available to the hearing investigator.

At this juncture, the only claims remaining in this matter are: (1) Plaintiff's claim that Defendant Horsley employed excessive force during the November 13, 2016, shakedown of his cell; (2) Plaintiff's claim that Defendant Horsley sought to have him

charged with a misconduct as retaliation for filing a grievance concerning Horsley's use of excessive force; and (3) Plaintiff's claim that Defendant Porter charged him with lying to an employee in retaliation for Plaintiff complaining to other staff members regarding Defendant Horsley's use of excessive force. (ECF No. 9). Plaintiff has moved for summary judgment, (ECF No. 66). Defendants Horsley and Porter have likewise moved for summary judgment, (ECF No. 80), in response to which Plaintiff filed a countermotion for summary judgment, (ECF No. 82).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*,

440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has

emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

I. Retaliation

As previously noted, Plaintiff claims that Defendant Horsley sought to have him charged with a misconduct as retaliation for filing a grievance concerning Horsley's use of excessive force. Plaintiff also claims that Defendant Porter charged him with a misconduct in retaliation for Plaintiff complaining to other staff members regarding Defendant Horsley's use of excessive force.

The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action – in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

A.   Defendant Porter

Following the November 13, 2016, incident involving Defendant Horsley, Defendant Porter charged Plaintiff with a misconduct violation for "lying to an employee." (ECF No. 1-1 at PageID.57). According to Porter, he took this action because he concluded that Plaintiff's claim of excessive force against Defendant Horsley was unfounded. (*Id.*).

As the Court discussed in its April 30, 2018, screening opinion, Plaintiff advanced two distinct retaliation claims regarding the issuance of this misconduct charge. First, Plaintiff alleged that Porter charged him with a misconduct as retaliation for filing grievances concerning the incident with Defendant Horsley. (ECF No. 9 at PageID.267). Plaintiff also alleged that Porter charged him with a misconduct as retaliation for complaining to other prison officials about Horsley's use of excessive force. (*Id.*).

In his motion for summary judgment, Defendant Porter argues that he is entitled to relief because he charged Plaintiff with a misconduct violation *before* Plaintiff filed a grievance concerning the incident with Defendant Horsley. (ECF No. 81 at PageID.1107-08). Thus, this retaliation claim fails because causation cannot be established where the allegedly adverse action occurred before the allegedly protected conduct. (*Id.*). This particular retaliation claim, however, has already been dismissed. As the Court previously stated, "Plaintiff's allegations that Defendant Porter wrote a

Class III minor misconduct in retaliation for Plaintiff's grievances cannot stand because the misconduct ticket was written prior to the grievances." (ECF No. 9 at PageID.267).

Plaintiff's other retaliation claim against Defendant Porter, that Porter charged Plaintiff with a misconduct violation in retaliation for complaining to other prison officials about Horsley's use of excessive force, was not dismissed on screening, but was instead permitted to go forward. (ECF No. 9 at PageID.267). As to this particular retaliation claim, however, Defendant Porter offers neither argument nor evidence. Simply stated, Defendant Porter argues that he is entitled to summary judgment as to a claim which the Court has already dismissed while completely failing to address the retaliation claim which the Court concluded stated a claim and should go forward. Accordingly, the undersigned recommends that Defendant Porter's motion for summary judgment be denied.

With respect to Plaintiff's motion for summary judgment as to this claim, Plaintiff has failed to present evidence sufficient to meet his burden. As noted above, because Plaintiff bears the burden at trial as to this claim, he is not entitled to summary judgment unless he presents evidence sufficient for the Court to conclude that no reasonable trier of fact could find for Defendant. Plaintiff has failed to present evidence with respect to the causation element sufficient to meet this standard. Accordingly, the undersigned recommends that Plaintiff's motion for summary judgment be denied as to this particular claim.

B.    Defendant Horsley

Plaintiff claims that Defendant Horsley sought to have him charged with a misconduct as retaliation for filing a grievance concerning Horsley's use of excessive force. Defendant Horsley argues that he is entitled to relief because Plaintiff cannot establish the requisite causal link between Plaintiff's protected conduct and Defendant's allegedly adverse action.

Defendant acknowledges that Plaintiff filed at least two grievances following the November 13, 2016, incident involving Plaintiff and Defendant Horsley. On November 14, 2016, Plaintiff filed grievance ECF-16-11-3445-17g, alleging that Horsley subjected him to excessive force during the shakedown of his cell the previous day. (ECF No. 1-1 at PageID.52). On November 19, 2016, Plaintiff filed grievance ECF-16-11-3523-27z, alleging that Horsley retaliated against him. (ECF No. 1-1 at PageID.72). With respect to grievance ECF-16-11-3523-27z, the Court agrees with Defendant that such could not have motivated the conduct in question because this grievance was submitted one day *after* Defendant Horsley requested that Plaintiff be charged with a misconduct. As to grievance ECF-16-11-3445-17g, however, the Court reaches a different conclusion.

Plaintiff has submitted a copy of a November 18, 2016, note which Defendant Horsley authored to Captain Holden. (ECF No. 1-1 at PageID.75).[1] In this note,

---

[1] While Plaintiff has arguably failed to properly authenticate this document, Defendant Horsley has not disputed its authenticity. Moreover, as discussed below, Defendant expressly relies on this document in support of his motion for summary judgment as to

-8-

Defendant denied hitting Plaintiff during the incident in question and, moreover, stated that Plaintiff "is lying on the grievance and should be charged with a Class II misconduct." (*Id.*). Defendant Horsley does not dispute writing the note in question, but instead argues that such does not advance Plaintiff's position. Specifically, Defendant argues that Plaintiff cannot prevail on his retaliation claim unless he presents evidence establishing when he first saw the note in question. (ECF No. 81 at PageID.1106). Specifically, Defendant argues that "it cannot be said that a person of ordinary firmness would be deterred from writing future grievances if he or she did not know of the letter's content." (*Id.*).

Defendant's argument reflects a misunderstanding of retaliation. The adverse action underlying Plaintiff's retaliation claim is not that Defendant wrote the letter, but rather that Defendant Horsley advocated charging Plaintiff with a misconduct in retaliation for the grievance he filed. The note in question is merely evidence of the causal connection between Plaintiff's protected conduct and Defendant's retaliatory conduct. In this respect, the import of Defendant's note is unmistakable as Defendant expressly states that his conduct, requesting that Plaintiff be charged with a misconduct, is expressly motivated by the grievance Plaintiff filed.

---

Plaintiff's Eighth Amendment claim. Accordingly, the Court finds it appropriate to consider this document in resolving the parties' motions for summary judgment. *See, e.g., Brown v. White's Ferry, Inc.*, 280 F.R.D. 238, 243 (D. Md. 2012) ("a party waives any objection to the admissibility of evidence on summary judgment by offering that evidence in support of its own motion"); *Cooper v. Meritor, Inc.*, 2019 WL 545240 at *2-3 (N.D. Miss., Feb. 11, 2019) (same).

In sum, interpreting the evidence in a light most favorable to Plaintiff, a reasonable juror could find for Plaintiff as to this claim. Accordingly, the undersigned recommends that as to Plaintiff's retaliation claim, Defendant Horsley's motion for summary judgment be denied. With respect to Plaintiff's motion for summary judgment, the undersigned recommends that such likewise be denied. As discussed below, there exists a genuine dispute as to whether Defendant employed excessive force during his shakedown of Plaintiff's cell on November 13, 2016. A reasonable juror, interpreting the evidence in a light most favorable to Defendant, could conclude that Defendant did not use excessive force and, therefore, that Plaintiff's retaliation claim fails because his grievance, alleging misconduct by Defendant, would not constitute protected conduct. *See, e.g., Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018) ("[a]busive or manipulative use of a grievance system would not be protected conduct").

II.     Use of Excessive Force

Plaintiff alleges that during the November 13, 2016, shakedown of his cell, Defendant Horsley struck him in the chest "causing chest pains" and damaging his heart. Plaintiff alleges that Horsley's actions constituted excessive force in violation of the Eighth Amendment.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. U.S. Const. amend. VIII. The excessive use of force which results in the unnecessary and wanton infliction of pain violates this provision. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). Claims alleging the excessive use of force

have both a subjective and an objective component. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

The objective component of the analysis examines whether the pain or deprivation allegedly suffered by the prisoner was "sufficiently serious" to implicate the Eighth Amendment. *Ibid.* To be "sufficiently serious," the prison official's act or omission must deny the prisoner of "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), as defined by contemporary standards of decency. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). While the Eighth Amendment does not prohibit every *de minimis* use of physical force, where "prison officials maliciously and sadistically use force to cause harm," contemporary standards of decency "always are violated" regardless whether the force applied was *de minimis* or resulted in injury. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).

The subjective component of the analysis examines whether the prison official's conduct reflected "obduracy and wantonness" or was instead the product of "inadvertence or error in good faith." *Wilson*, 501 U.S. at 299. In this respect, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. 320-21. When evaluating whether a prison official's conduct falls short of this standard, the Court must consider the following factors: (1) the need for the application of force, (2) the relationship between such need and the force used, (3) the threat reasonably perceived by the prison official, and (4) any efforts undertaken to temper the severity of

the response. *Hudson*, 503 U.S. at 7. The absence of injury, while relevant, is not dispositive. *Ibid.* As the Supreme Court recently observed:

> When prison officials maliciously and sadistically use force to cause harm, the Court recognized, contemporary standards of decency always are violated. . .whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.
>
> This is not to say that the absence of serious injury is irrelevant to the Eighth Amendment inquiry. [T]he extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. The extent of injury may also provide some indication of the amount of force applied. As we stated in *Hudson,* not every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim.
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.

*Wilkins v. Gaddy*, 559 U.S. 34, 36-38 (2010) (internal citations and quotations omitted).

In support of his motion for summary judgment, Defendant argues that "the documentary evidence attached to Plaintiff's complaint and medical records demonstrate that the force Plaintiff complains of did not occur." (ECF No. 81 at PageID.1098). The

-12-

"documentary evidence" attached to Plaintiff's complaint can be placed into one of three categories: (1) medical records; (2) the November 18, 2016, note Defendant Horsley wrote to Captain Holden in which Horsley states he did not strike Plaintiff; and (3) various inadmissible documents. The items in the first two categories will be discussed below, however, a brief discussion of the inadmissible evidence attached to Plaintiff's complaint is first necessary.

It is well understood that "only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Rogers v. Lilly*, 292 Fed. Appx. 423, 428 n.3 (6th Cir., Aug. 22, 2008) (quoting *Smoot v. United Transp. Union*, 246 F.3d 633, 649 (6th Cir. 2001)). The inadmissible items Plaintiff has attached to his complaint consist of grievances and documents related to misconduct violations with which Plaintiff was charged. (ECF No. 1-1 at PageID.52-58, 63-65, 72-74, 76-82). To the extent the parties seek to rely on statements in these documents in support of their respective motions for summary judgment, the Court rejects such on hearsay grounds. Specifically, the Court rejects the attempt by Defendant to rely on unsworn statements in these documents, which purport to establish that other prison officials viewed an alleged video of the incident in question and determined that such supported Defendant's assertion that he did not strike Plaintiff. (ECF No. 1-1 at PageID.52, 55, 57-58, 76).

The evidence properly before the Court reveals the following. In his deposition, Plaintiff testified that Defendant Horsley struck him in the chest with such force that "blood started coming out of [his] nose and mouth." (ECF No. 81-2 at PageID.1116).

-13-

Defendant has not submitted an affidavit (or otherwise admissible evidence) establishing that he did not strike Plaintiff. Defendant attempts to rely on the November 18, 2016, note he wrote to Captain Holden in which he states he did not strike Plaintiff. As discussed above, despite possible authentication issues regarding this document, the Court finds that such is properly considered in the present context. This conclusion, however, does not result in a finding that the statements contained in the note constitute admissible evidence. That both parties are relying on this note suffices, at least at this juncture, to overcome any authentication issues. This conclusion, however, does not eliminate the general rule against hearsay. While Plaintiff can rely on the contents of this note on the grounds that it constitutes an admission by a party opponent, *see* Fed. R. Evid. 801(d)(2)(A), Defendant's attempted use of his statements contained in the note constitutes hearsay for which Defendant has articulated no exception. At this juncture, therefore, Defendant's argument that he did not strike Plaintiff is not supported by admissible evidence.

Shortly after the incident with Defendant Horsley, Plaintiff reported to a nurse that Horsley "pounded on his chest too hard during a shakedown – causing chest pain." (ECF No. 76-1 at PageID.942). The nurse examined Plaintiff and reported that "midsternal pain reproduced with palpation." (*Id.*). The nurse also reported that Plaintiff exhibited "clear" speech and did not appear to be in distress. (*Id.*). On November 16, 2016, Plaintiff reported that he was experiencing dizziness, left-sided numbness, and night sweats. (ECF No. 76-1 at PageID.948-49). The results of a

November 18, 2016, examination were unremarkable. (ECF No. 76-1 at PageID.950). The nurse also reported that Plaintiff's symptoms were not the result of injury. (*Id.*).

Subsequent examinations revealed that Plaintiff was suffering heart and/or cardiovascular symptoms, including the apparent need for a heart valve replacement. (ECF No. 67-1 at PageID.771, 777-81). As Defendant correctly observes, however, these symptoms or impairments long pre-dated the November 13, 2016, incident giving rise to the present claim. (ECF No. 75 at PageID.878-86; ECF No. 81 at PageID.1122, 1125-58). Moreover, Plaintiff has neither presented nor identified evidence suggesting that his heart and/or cardiovascular impairments were adversely impacted by the alleged incident with Horsley.

In sum, Defendant Horsley is not entitled to summary judgment because a reasonable juror, viewing the evidence in a light most favorable to Plaintiff, could conclude that Defendant struck Plaintiff with excessive force. Defendant's argument that Plaintiff's testimony is "blatantly contradicted" by the evidence is not persuasive.

First, Defendant argues that when Plaintiff filed a grievance concerning this incident he failed to include any statement that Defendant's actions caused him to experience bleeding. While this may be relevant, it does not establish that Plaintiff's deposition testimony is demonstrably false. Plaintiff alleged in his grievance that Defendant "pounded" on his chest causing pain and injury. (ECF No. 1-1 at PageID.52). These allegations do not contradict Plaintiff's deposition testimony.

Defendant next argues that the treatment records regarding Plaintiff's medical care following the incident in question likewise contradicts Plaintiff's testimony. (ECF No. 76-1 at PageID.942-50). Plaintiff testified that he experienced bleeding immediately after being struck by Defendant. The treatment records in question concern Plaintiff's symptoms and condition at a later point in time. That Plaintiff was apparently not bleeding when he participated in these subsequent examinations does not establish that Plaintiff was not bleeding at an earlier point in time.

In short, Defendant's argument is based upon inferences derived from viewing the evidence in a light most favorable to Defendant. But, in resolving Defendant's motion for summary judgment, the evidence must be interpreted in a light most favorable to Plaintiff. Likewise, Plaintiff is not entitled to summary judgment because if the evidence is viewed in a light most favorable to Defendant, a reasonable juror could conclude that Defendant's conduct constituted no more than de minimis conduct which does not violate the Eighth Amendment. Accordingly, the undersigned recommends that, with respect to Plaintiff's Eighth Amendment use of excessive force claim, Plaintiff's and Defendant's motions for summary judgment both be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment, (ECF No. 66), be **DENIED**; Defendants' Corrected Motion for Summary Judgment, (ECF No. 80), be **DENIED**; and Plaintiff's Counter Motion for Summary Judgment, (ECF No. 82), be **DENIED**.


Dated: November 4, 2019                                /s/ Phillip J. Green
                                                      PHILLIP J. GREEN
                                                      United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).